United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., | No. C 03-2304 JSW (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| EUGENE YEE, et al., | |
| Defendant. | |

On March 16, 2005, Plaintiff DirecTV Inc. ("DirecTV") filed a motion for default judgment against Defendant Eugene Yee ("Yee"). This matter was referred to the undersigned Magistrate Judge pursuant to Civil Local Rule 72-1. The motion came on for hearing on April 26, 2005. Attorney Sandeep J. Shah appeared by telephone for DirecTV. Yee did not appear at the hearing and has not appeared in this matter.

On August 19, 2004, DirecTV filed this action against Yee for violations of the Federal Communications Act of 1934 (the "FCA"), 47 U.S.C. § 605 et seq., the Electronic Communications Privacy Act (the "ECPA"), or "Wiretap Act," 18 U.S.C. § 2510-2521, and California common law. DirecTV alleges that Yee purchased and used one or more Pirate Access Devices that are designed to decrypt and view DirecTV's satellite transmissions of television programming without authorization by or payment to DirecTV. The Complaint seeks injunctive relief, statutory damages and/or compensatory damages, attorney's fees and costs. (Decl. of Sandeep Shah, Exh. A.)

1  On August 25, 2003, Yee was served with the Complaint. (Shah Decl., Exh. B.) Yee failed to
2  answer the Complaint or otherwise defend the action. On February 19, 2004, upon DirecTV's request,
3  the Clerk of this Court entered Yee's default under Federal Rule of Civil Procedure 55(a). By his default,
4  Yee is deemed to have admitted the well-pleaded averments of the Complaint except those as to the
5  amount of damages. Fed. R. Civ. P. 8(d). On March 16, 2005, DirecTV filed this Motion for Default
6  Judgment.

7  Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. A court may
8  not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military
9  service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Yee is not an unrepresented minor,
10 incompetent or in military service. (Shah Decl. ¶ 8 and Exh. D.)

11 "The general rule of law is that upon default the factual allegations of the complaint, except those
12 relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d
13 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). However, "[a] judgment
14 by default shall not be different from or exceed in amount that prayed for in the demand for judgment."
15 Fed. R. Civ. P. 54(c). In exercising its discretion to grant default judgment, the court may consider the
16 following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive
17 claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of
18 a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong
19 policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v.
20 McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In his July 26, 2004 Order Regarding Limited
21 Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed to Establish a
22 *Prima Facie* Case under Statutory Claims, Judge Ware addressed the proof necessary for recovery by
23 default judgment under the federal statutes asserted here. In the Matter of DirecTV, Inc., 2004 WL
24 2645971 (N.D. Cal.).

25 Because 18 U.S.C. § 2511 is a criminal statute, DirecTV's claim under that section has been
26 deemed a claim under 18 U.S.C. § 2520(a), which creates a private right of action for interception,
27 disclosure or intentional use of wire, oral or electronic communication. Id. at 7-8. Section 2520(a)
28 provides:

2

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person . . . which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). The Complaint also contains a claim for violation of 47 U.S.C. § 605(a),[1] which supports a different calculation of damages. In its Complaint, DirecTV elected "[i]n the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device imported into the United States in violation of 47 U.S.C. § 605(e)(4), and a further award of DIRECTV's reasonable attorneys' fees and costs of suit." (Compl., Prayer for Relief ¶ 3.) In its moving papers, however, DirecTV elects statutory damages under § 2520(c)(2). (Mot. for Default J. 4:1-19.) In a request for default judgment, the process of assessing damages is limited by Federal Rule of Civil Procedure 54(c). "A judgment by default 'shall not be <u>different in kind</u> from or <u>exceed in amount</u> that prayed for in the demand for relief.'" Schwarzer, Tashima & Wagstaffe, FED. CIV. PROC. BEFORE TRIAL § 8:168 (The Rutter Group, 2005) (alteration in original) (quoting Fed. R. Civ. Proc. 54(c)). As further explained below, money damages under § 2520(c)(2) would not exceed the amount prayed for under § 605(e)(4) in the Complaint;[2] therefore, DirecTV may be awarded damages under the statutory provision elected in its moving papers.

In its Complaint, DirecTV alleges that Yee purchased and used three Pirate Access Devices, each consisting of a printed circuit board device called a "Vector Super Unlooper w/X Code," that are designed to permit unauthorized viewing of DirecTV's television programming. (Compl., ¶¶ 4, 11(a).) DirecTV also alleges that Yee "received and assisted others in receiving

---

[1] Section 605(a) provides, in pertinent part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a).

[2] DirecTV prays in its Complaint for $10,000 per violation of § 605(e)(4) in case of default, or $30,000. DirecTV has elected the damages provision of § 2520 in its moving papers, resulting in an award of $10,000, which does not exceed the amount prayed for in the Complaint.

DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a)." (Compl., ¶ 17.) DirecTV further alleges that Yee "knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited." (Id., ¶ 19.) Because these allegations are taken as true, DirecTV has alleged a claim under section 2520(a) against Yee and is entitled to the remedies provided under that section, according to proof.

Damages for violations of section 2520(a) are governed by section 2520(c)(2), which provides that the Court may assess as damages whichever is the greater of:

> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages as whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2).

In determining the amount of damages under § 2520(c)(2), first, the Court should determine "the amount of actual damages to the plaintiff plus the profits derived by the violator, if any." See Dorris v. Absher, 179 F.3d 420, 430 (6th Cir. 1999); 18 U.S.C. § 2520(c)(2)(A). Second, the Court should "ascertain the number of days that the statute was violated, and multiply by $100." See Dorris, 179 F.3d at 430; 18 U.S.C. § 2520(c)(2)(B). Third, the Court should tentatively award the plaintiff the greater of the actual damages or statutory damages unless each is less than $10,000, in which case $10,000 is to be the presumed award. See Dorris, 179 F.3d at 430. Finally, while each case must be considered individually, the Court has discretion to award the full amount of statutory damages authorized by section 2520(c)(2) or none at all, but may not award an amount falling between these two choices. See 18 U.S.C. § 2520(c)(2); Dorris, 179 F.3d at 430 (holding that the court should "exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it."). In determining whether to award damages in a specific case, courts should consider whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed, whether the defendant had a legitimate reason for his or her actions, whether the

4

1  defendant profited from his or her acts, and whether an award of damages would serve a
2  legitimate purpose. See DirecTV v. Guzzi, 308 F. Supp. 2d 788, 790 (E.D. Mich. 2004).
3  DirecTV has the burden of proving its damages through testimony or written affidavit.

4  As proof of its actual damages, DirecTV states that the primary use of the devices purchased by Yee is to pirate DirecTV's satellite programming and that there are no other legitimate commercial or private uses for the device. (Sichler Decl. ¶ 29.) DirecTV states that an individual using one pirated access card has access to over a million dollars worth of programming services annually, and that even the value of subscription and movies viewed only once is well over $150,000.00 annually. (Sichler Decl. ¶ 22.) Assuming that a typical user of a Pirate Access Device would view at least the same amount of programming as a typical high-end paying customer, DirecTV has calculated the value of programming purchased by the typical DirecTV high-end legitimate subscriber as $2,748.96 annually or $7.53 per day. (Sichler Decl. ¶ 23; Mot. for Default J. at 9:12.) Therefore, using the $7.53 daily rate, DirecTV contends that it has suffered at least $8,704.68 in actual damages resulting from Yee's use of the Pirate Access Devices from the purchase date of March 1, 2001 to April 30, 2004.[3] (Mot. for Default J. at 10:3-7.)

Section 2520(c)(2) sets statutory damages at the greater of $100.00 per day of violation or $10,000.00. DirecTV suggests that Yee has violated section 2520(a) for a total of 1,152 days, from the March 5, 2001 purchase date to April 30, 2004. DirecTV contends that it could be entitled to statutory damages of $100 per day under § 2520, but it has not shown actual usage of the pirate access devices to intercept DirecTV's satellite transmissions on 1,152 days. Therefore, calculating per diem damages based on the number of days of possession would be speculative and unwarranted.

DirecTV seeks statutory damages under § 2520 in the amount of $10,000 per violation in the event of a default. (Mot. for Default J. 4:1-19.) DirecTV argues that because Yee purchased

---

[3] DirecTV states that because the data stream for the Access Cards was changed in or about April 2004, Yee's devices have lost the ability to effectively intercept DirecTV's satellite signals. (Mot. for Default J. at 4, n. 4.)

5

three devices, it is entitled to an award of $10,000.00 per device pursuant to § 2520, amounting to $30,000.00. However, mere possession of multiple devices does not establish the commission of multiple violations of § 2511(a), which criminalizes interception of any wire, oral or electronic communication. 18 U.S.C. § 2511(1)(a). (Compl., ¶¶ 16-19.) Although Section 2512 criminalizes mere possession of pirate access devices, it does not have a parallel provision for a private right of action. In the Matter of DirecTV, Inc., supra at 2, 2004 WL 2645971 at *8. DirecTV's statutory damages are limited to the amount allowed under § 2520, namely $10,000.00, regardless of the number of devices. Smoot v. United Transp. Union, 246 F.3d 633, 646 (6th Cir. 2001) ("$10,000 liquidated damages amount under § 2520(c)(2)(B) is designed to compensate a claimant for all of the transgressor's misdeeds under the Act, unless that transgressor has violated the Act on more than one hundred separate days, in which case compensation is $100 for each such day"). In Smoot, the Sixth Circuit held that liability under the Wiretap Act was limited to $10,000 per claimant, rather than assessing $10,000 in damages per violation. Id. at 647. See also DirecTV v. Bloniarz, 336 F.Supp. 2d 723, 727 (W.D. Mich. 2004) (following Smoot in rejecting DirecTV's "per-device" damage calculation, and determining that mere possession of a pirate access device does not give rise to a private cause of action under § 2512).

  DirecTV is entitled to an award of statutory damages pursuant to § 2520(a) in the amount of $10,000.00. DirecTV provided evidence that it was financially harmed by Yee's conduct because, *inter alia*, it incurred costs associated with battling piracy and re-engineering its access cards and electronic signals. (Sichler Decl. ¶¶ 10-19.) By his default, Yee has admitted that a violation occurred. There is no evidence that Yee had a legitimate reason for his actions. An award of damages would serve the legitimate purpose of deterrence. The Court therefore recommends an award of statutory damages against Yee in the amount of $10,000 pursuant to § 2520(a).

  DirecTV is also entitled to reasonable attorneys fees and costs incurred in prosecuting its claims for violations of the ECPA and the FCA. 18 U.S.C. § 2520(b)(3); 47 U.S.C. § 605(e)(3)(B)(iii). DirecTV requests an award of $2,857.83, an amount which the Court

6

recommends as reasonable. (Shah Decl. ¶¶ 9-12.)

For the foregoing reasons, the Court recommends that judgment be entered in DirecTV's favor in the amount of $10,000 in statutory damages and interest thereon pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until paid. The Court further recommends that DirecTV be awarded $ 2,857.83 in attorneys' fees. Further, DirecTV is entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, and should be directed to file a Bill of Costs in compliance with the Local Rules of this Court.

Any party may serve and file specific written objections to this recommendation within ten (10) business days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: April 26, 2005                              /Electronic Signature Authorized/
                                                   ELIZABETH D. LAPORTE
                                                   United States Magistrate Judge

7